# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BILL GREINER and
SARA GREINER

        *Plaintiffs,*

  vs.

CREDIT ACCEPTANCE CORPORATION,
*et al.*,

        *Defendants.*

Case No. 16-01328-EFM-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Credit Acceptance Corporation's ("Credit Acceptance") Motion to Compel Arbitration and Stay Proceedings, in a contract dispute asserted by Plaintiffs Bill and Sara Greiner. Specifically, Credit Acceptance asks the Court to enforce an arbitration clause included in a contract the parties allegedly entered into for the purchase of an automobile, and to stay this action until arbitration has been completed. Because the Greiners contend that their signatures on the arbitration agreement were a forgery, the Court will reserve judgment on Defendant Credit Acceptance Corporation's Motion to Compel Arbitration and Stay Proceedings (Doc. 21) until the parties present evidence at an evidentiary hearing or jury trial.

## I.        Factual and Procedural Background

Plaintiffs Bill and Sara Greiner filed a complaint against Credit Acceptance, Equifax Information Services, LLC, Trans Union, LLC, and Experian Information Solutions, Inc. alleging various violations of the Fair Credit Reporting Act.  In short, the Greiners allege that Bill Greiner purchased an automobile from Mondragon Auto Sales in Pueblo, Colorado.  The purchase price of the vehicle was $9,739.00.  Greiner received credit for a trade in vehicle in the amount of $1,800, and paid the remaining balance of $7,939.00 in cash.  Because he paid cash for the vehicle, he did not apply for, or authorize anyone to apply for financing for the purchase of the vehicle.  However, someone did apply for financing in Bill and Sara Greiner's names using their identity.  "As a result, Defendant Credit Acceptance opened an account in the Plaintiffs' names without the knowledge or authority of either Plaintiff."

Credit Acceptance then filed this present motion, seeking to compel arbitration of the Greiner's underlying claims.  Credit Acceptance argues that the Greiners signed a valid arbitration agreement that encompasses all of their claims.  In their response, the Greiners argue that the arbitration agreement is not enforceable because their signatures were forged.  Both Bill and Sara Greiner attached affidavits to their response.

Bill Greiner avers in his affidavit that he and his wife are victims of identity theft.  In particular, he states that he purchased a vehicle from Mondragon Auto Sales in full, so no financing was needed to purchase the vehicle.  However, without his or his wife's knowledge or authority, someone completed a Retail Installment Contract using their names and personal identifiers.  The Retail Installment Contract was regarding an auto loan in the amount of $10,043.99.

Greiner states that the "signature on the Retail Installment Contract is clearly a forgery of my signature." "The identity thief signed my name as 'William Greiner.' While my name was William Greiner at that time, I always signed my name as 'Bill Greiner' and never signed my name as 'William Greiner.' "[1] Greiner believes that the owner or an employee of Mondragon Auto Sales forged his and his wife's signatures to the Retail Installment Contract in order to obtain funding from Credit Acceptance in Bill Greiner's name but for his or their own purposes. Sara Greiner avers in her affidavit essentially the same facts.

Credit Acceptance contends that prior to the date of purchase (October 14, 2011), the Greiners provided a credit application and supporting documentation to Credit Acceptance for its consideration and approval of the transaction. Credit Acceptance must approve the credit application and terms of the transaction before it will accept Mondragon Auto Sales' assignment of the Contract to Credit Acceptance. The credit application includes the personal and employment information for both William and Sara Greiner.

In support of the application and financing, Credit Acceptance received three letters from the Social Security Administration addressed to Bill Greiner. Credit Acceptance also received a bank statement from Canon National Bank for the period August 16, 2011 to September 15, 2011, with "Sara D. Greiner" and "William L. Greiner" listed as the names on the account. According to Credit Acceptance, the bank statement reflects deposits from the U.S. Treasury in dollar amounts corresponding to those identified in the three Social Security Administration letters.

---

[1] On May 27, 2015 Bill Greiner had his name officially and legally changed from "William" to "Bill."

Shortly thereafter, Credit Acceptance received the first monthly payment on the account by form of a check from the Greiner's account with their signatures.  Credit Acceptance timely received three identical checks for the following three months as well.  According to Credit Acceptance, this evidence shows that the Greiners were not victims of identity theft as they claim.

## II.     Discussion

"The first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."[2]  Arbitration is a contractual matter, and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[3] Whether the parties agreed to arbitrate a dispute is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.[4]  Whether there is an enforceable arbitration agreement is a matter of state contract law to be decided by the Court.[5]

Here, the Greiners allege that the parties did not agree to arbitrate the dispute because they never signed the arbitration agreement.  Significantly, the Greiners both signed an affidavit, under penalty of perjury, stating that they did not sign the arbitration agreement and their signatures on the agreement are a forgery.  Credit Acceptance disputes this allegation and put forth evidence tending to establish that the Greiners voluntarily signed the contract, and proceeded to make payments on the loan from their personal bank account.

---

[2] *In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1201 (10th Cir. 2016) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

[3] *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 58 (1960)).

[4] *Brookins v. Superior Mgmt. Grp., Inc.*, 2013 WL 5819706, at *2 (D. Kan. Oct. 29, 2013) (citing *AT&T Techs.*, 475 U.S. at 650; *Gratzer v. Yellow Corp.*, 316 F. Supp. 2d 1099, 1103 (D. Kan. 2004)).

[5] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

When a party to a purported arbitration agreement attacks the "making" of the agreement, it is for the Court to decide whether the agreement was formed, not the arbitrator.[6]  However, the Court has been unable to locate clear Tenth Circuit precedent regarding the mechanics of how the Court should determine the factual issue of whether the signatures on the disputed arbitration agreement were forged.  The Greiners seem to indicate that a jury trial is the proper method to determine the issue of forgery pursuant to 9 U.S.C. § 4.  Credit Acceptance, on the other hand, acknowledged that it was "prepared to address any issue via an evidentiary hearing," and that "the Court may resolve questions of fact, through a summary proceeding if necessary."

Courts that have addressed this issue are also split on what type of hearing should be utilized to resolve the factual dispute.  Some courts have relied on a jury to decide the forgery issue.[7]  Other courts have resolved the issue via an evidentiary hearing.[8]  Again, the Tenth Circuit has not provided clear guidance, but *Spahr* seems to indicate that an evidentiary hearing is acceptable.[9]

---

[6] *Spahr v. Secco*, 330 F.3d 1266, 1273 (10th Cir. 2003) (holding that disputes regarding the "making" of an agreement to arbitrate under 9 U.S.C. § 4 are "for the court to resolve.").

[7] *See, e.g.*, *Brooks v. Robert Larson Auto. Grp., Inc.*, 2009 WL 2853452, at *4 (W.D. Wash. Sept. 1, 2009) ("For the reasons stated above, the Court [reserves] ruling on the Defendants' motion to compel arbitration pending a jury trial on the question of forgery."); *Flemming v. Montgomery*, 2008 WL 2783281, at *2 (N.D. Miss. July 15, 2008) ("Thus, the court concludes that the plaintiff is entitled to a separate trial to determine forgery pursuant to 9 U.S.C. § 4.").

[8] *See, e.g.*, *GGNSC Louisville Hillcreek, LLC v. Dockery*, 2016 WL 5478010, at *3 (W.D. Ky. Sept. 27, 2016) ("With the evidence before it now, the Court cannot make a determination as to whether the arbitration agreement was forged.  The Court will therefore hold an evidentiary hearing on this issue."); *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 449 (6th Cir. 2005) (". . . upon remand and following a period of discovery, the District Court held an evidentiary hearing on September 3, 2003, pursuant to 9 U.S.C. § 4."); *Monk v. Perdue Farms, Inc.*, 12 F. Supp. 2d 508, 509 (D. Md. 1998) ("Accordingly, this Court holds that it must resolve the forgery allegation so as to decide whether or not [Defendant] can rely upon the Agreement and its arbitration clause.").

[9] *See Spahr*, 330 F.3d at 1268–69 (acknowledging, without criticizing, that the district court held a "two-day evidentiary hearing" to resolve the issue of the "making of the arbitration agreement" when one party's mental capacity at the time arbitration agreement was signed was in dispute).

The relevant statute, 9 U.S.C. § 4, provides that "[i]f no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine" the issue of "the making of the arbitration agreement."  Accordingly, the Court will hold an evidentiary hearing to resolve the forgery issue, unless the Greiners file a written demand for a jury trial within 14 (fourteen) days of the date this Order is filed.  The Court will reserve judgment on Defendant Credit Acceptance Corporation's Motion to Compel Arbitration and Stay Proceedings (Doc. 21) until the parties have presented evidence at the hearing or trial.

**IT IS THEREFORE ORDERED:**

**(1)** This matter will be set for an evidentiary hearing or jury trial.  If the parties take no action, the dispute will be resolved at an evidentiary hearing.  However, the Greiners may request a jury trial by filing a written demand within 14 (fourteen) days of the date of this order.  The hearing or trial will be limited to the issue of forgery.

**(2)** The Court will contact the parties to conduct a scheduling conference regarding the evidentiary hearing or trial, and the extent to which the parties will be permitted to conduct discovery limited to the forgery issue in preparation for the hearing or trial.

**IT IS SO ORDERED.**

Dated this 13th day of February, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE